**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION**

**CIVIL ACTION NO. 1:12CV-00003-JHM**

**STEVE STENGELL**                                                                                **PLAINTIFF**

**VS.**

**ALLIED ENERGY, INC.; SCOTT HARRIS;
ROBERT CUETO; RICHARD MULLER; and
ROBERT ANASTARIO**                                      **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

The matter is before the Court on a motion by Defendants, Allied Energy, Inc., Scott Harris, Robert Cueto, Richard Muller, and Robert Anastario, to dismiss the complaint, or in the alternative, to stay the action [DN 10] and on a motion by Plaintiff, Steve Stengell, to compel Defendants to deposit deferred compensation funds into the Court registry [DN 17]. Fully briefed, these matters are ripe for decision.

**I. BACKGROUND**

Plaintiff, Steve Stengell, was President, Chief Executive Officer, Director and Chairman of the Board of Defendant, Allied Energy, Inc., and its subsidiary companies. Allied Energy is an oil and natural gas operator in the business of exploration, development, and production of oil and natural gas. Stengell and Allied Energy entered into an Employment Agreement effective June 1, 2008. At the time Allied Energy hired Plaintiff, it offered the Plaintiff a nonqualified deferred compensation plan – the Executive Nonqualified Excess Plan (the "Plan"). Stengel signed a Nonqualified Plan Participation Agreement on February 11, 2009, in which he accepted the Plan and authorized Allied Energy to defer 10 percent of his Service Bonuses and 10 percent of his performance based compensation into the Plan. (Plan Agreement, Complaint, Exhibit A.)

On March 24, 2011, the shareholders removed the majority of Allied Energy's Board of Directors and appointed new directors. Four days later, on March 28, 2011, Allied Energy terminated Stengell's employment. Within days of the termination, Stengell requested payment of his deferred compensation benefits from Principal Financial Group, the Plan's third-party administrator. The Plan provides that when the "qualifying distribution event" is separation from service, distribution is made on the first day of the seventh month following the date of separation of service. (Plan §5.1)

On July 7, 2011, Allied Energy filed suit against Stengell and other former employees in the Warren Circuit Court alleging breach of confidentiality agreement, tortious interference with business relationship, conversion, misappropriation, and breach of fiduciary duties. Stengell denied the claims and filed a counterclaim asserting that Allied Energy had breached the terms of Stengell's Employment Agreement and violated KRS § 337.055 by failing to timely pay wages.

During the fall of 2011, Plaintiff made repeated demands to Allied Energy for the payment of his deferred compensation benefits under the Plan which according to Plaintiff were vested as of March 28, 2011, and were to be distributed October 1, 2011. On September 26, 2011, Principal Financial Group distributed the account balance of $258,966.15 in the Plan to Allied Energy with instructions regarding the payment that should be made to the Plaintiff. (Complaint ¶ XXII.) Due to Allied Energy's refusal to distribute Stengell's deferred compensation benefits under the Plan, Plaintiff filed this action on January 5, 2012, seeking recovery of the plan benefits under 29 U.S.C. § 1132(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA").

Defendants now move to dismiss this action, or in the alternative, to stay the proceedings pursuant to the Colorado River abstention doctrine. Specifically, Defendants argue that (1) the

federal and state claims are duplicative and the federal action should be dismissed, and (2) in as much as Defendants owe Plaintiff under the terms of the Executive Nonqualified Excess Plan, Defendants are entitled to set-off any amount owed in the present action against any judgment in the Warren Circuit Court proceeding.

## II.  MOTION TO DISMISS

### A.  Standard of Review

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the "complaint states a plausible claim for relief[,]" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  Under this standard, the plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A plaintiff satisfies this standard only when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 678-679.  Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### B. Discussion

#### 1.  ERISA

Plaintiff filed this ERISA action pursuant to 29 U.S.C. § 1132(a)(1)(B) seeking recovery of

3

deferred compensation benefits of Allied Energy's Executive Nonqualified Excess Plan. Plaintiff characterizes the Plan as a "top hat plan." Defendants have not disputed this characterization. Top hat plans are ERISA plans that are "unfunded" and that an employer maintains chiefly "'for the purpose of providing deferred compensation for a select group of management or highly compensated employees.'" Picard v. Best Source Credit Union, 2005 WL 2665639, *4 (E.D. Mich. Aug. 10, 2005)(citing Wolcott v. Nationwide Mutual Ins. Co., 884 F.2d 245, 252 (6th Cir.1989); 29 U.S.C. §§ 1051(2), 1081(a)(3), 1101(a)(1)). "Top hat plans . . . are exempt from many provisions of ERISA, including the participation and vesting, funding, and fiduciary responsibility requirements . . . but like qualified plans, they are subject to disclosure requirements, to civil enforcement, and to the duty to have a claims procedure." Paneccasio v. Unisource Worldwide, Inc., 532 F.3d 101, 108 (2d Cir. 2008). See also Picard, 2005 WL 2665639, *4; Eastman Kodak Co. v. STWB, Inc., 452 F.3d 215, 217 (2d Cir. 2006); Peters v. Lincoln Elec. Co., 285 F.3d 456, 468 n. 10 (6th Cir. 2002); Simpson v. Mead Corp., 187 Fed. Appx. 481, 484 (6th Cir. 2006). Thus, contrary to Defendants' argument, ERISA governs suits to recover benefits owed under a top hat plan. See Garratt v. Knowles, 245 F.3d 941, 946 (7th Cir. 2001); Paneccasio, 532 F.3d at 107; Simpson, 187 Fed. Appx. at 484.

While federal courts have exclusive jurisdiction over almost all ERISA claims, ERISA grants federal and state courts concurrent jurisdiction over actions brought by plan participants or beneficiaries pursuant to 29 U.S.C. § 1132(a)(1)(B) to enforce their rights under the terms of a plan. See 29 U.S.C. § 1132(e). Trustees of Carpenters Pension Trust Fund-Detroit & Vicinity v. Lambrix-Carter, 2010 WL 956022, *4 n. 1 (E.D. Mich. March 15, 2010); Waymire v. Leonard, 724 F. Supp. 2d 876, 882 (S.D. Ohio 2010). Thus, both the federal and state court have concurrent jurisdiction

over an ERISA benefits claim such as the one in the present case.

### 2. Colorado River Doctrine

Defendants argues that the Court should dismiss, or in the alternative, abstain from hearing the case under the doctrine announced by the Supreme Court in Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976). Under the so-called Colorado River abstention doctrine, federal courts have a "narrow exception" to their "virtually unflagging obligation . . . to exercise the jurisdiction given them" where there is (1) "parallel" litigation pending in state court, and (2) the proposed litigation in federal court would be duplicative or unwise. Id. at 817-818; Bates v. Van Buren Tp., 122 Fed. Appx. 803, 806 (6th Cir. 2004); Gottfried v. Medical Planning Servs., Inc., 142 F.3d 326, 329 (6th Cir. 1998).

The threshold question in the Colorado River abstention analysis is whether there are parallel proceedings in state court. Crawley v. Hamilton County Comm'rs, 744 F.2d 28, 31 (6th Cir. 1984). To be "parallel" the proceedings have to be "substantially similar." Romine v. Compuserve Corp., 160 F.3d 337, 340 (6th Cir. 1998). This means that neither the issues nor the parties have to be identical. Heitmanis v. Austin, 899 F.2d 521, 528 (6th Cir. 1990). "However, cases are not considered parallel if there is an issue that would not be resolved by the state court upon the completion of the state court action." Kopacz v. Hopkinsville Surface and Storm Water Utility, 714 F. Supp. 2d 682, 686 (W.D. Ky. 2010)(citing E.ON U.S. Services, Inc. v. QSC Painting, Inc., 2008 WL 3982499 (E.D. Ky. Aug. 26, 2008); PNC Bank, National Assoc. v. Person, 2007 WL 1423744 (W.D. Ky. May 8, 2007)). See also Wright v. Linebarger Googan Blair & Sampson, LLP, 782 F. Supp. 2d 593, 603-604 (W.D. Tenn. 2011). "'The issue is not . . . whether the proceedings could be modified to make them parallel; the issue is whether the state court proceeding, as it *currently*

exists, *is* a parallel state-court proceeding.'" Kopacz, 714 F. Supp. 2d at 686-687 (quoting PNC Bank, National Assoc. v. Person,, 2007 WL 1423744 (W.D. Ky. May 8, 2007) (citing Baskin v. Bath Tp. Bd. Of Zoning Appeals, 15 F.3d 569, 572 (6th Cir. 1994)) (emphasis in original).  If the Court determines the two concurrent actions in state and federal court are parallel, it must then weigh various factors that "rest on considerations of wise judicial administration, [and give] regard to conservation of judicial resources and comprehensive disposition of litigation." Romine, 160 F.3d at 339 (quotations omitted).

In the present case, the state and federal cases plead distinct causes of action and seek distinct recoveries.  Plaintiff's state court counterclaim alleges that Allied Energy breached the terms of Stengell's Employment Agreement and violated KRS § 337.055 by failing to timely pay in full all wages or salary earned by him.  Specifically, Stengell's Employment Agreement provided that Allied Energy would employ Stengell for a twelve-month period beginning June 1, 2008, and his employment would automatically extend indefinitely "until the Company or [Stengell gave] ninety (90) days prior written notice to the other party that it or he . . . wishes to terminate [the] Agreement." (Employment Agreement § 2.)   In his state court counterclaim, Stengell alleged that

> Allied also violated the Employment Agreement by failing and refusing to pay Stengell the amounts due to him under the Employment Agreement, including amounts due to him for base salary, bonus and incentive compensation, paid vacation time, vehicle allowance and retirement contributions, up through March 28, 2011, during the required ninety (90) day notice period, and for a one year period thereafter.  (*See* Sections 2, 6, 7, 11(b) and 11(f)(i, ii) of the Employment Agreement).

(Counterclaim ¶ 31.)  Significantly, the counterclaim does not plead an action pursuant to 29 U.S.C. § 1132(a)(1)(B) of ERISA, does not mention the Plan or seek distribution of the account balance pursuant to the Plan.

6

In contrast, in the federal court action, Plaintiff specifically seeks distribution of Stengell's deferred compensation benefits under the Plan. Plaintiff alleges that pursuant to the Plan document, all deferred compensation contributions made by Stengell were 100 percent vested. Furthermore, Plaintiff maintains that because a change of control event occurred on March 24, 2011, all contributions made by Allied Energy on Stengell's behalf immediately became vested as of the date of the change as well. (See Executive Nonqualified "Excess" Plan Adoption Agreement § 6). Accordingly, Plaintiff contends that the distribution date was the first day of the seventh month following the date of separation of service, but no later than 60 days thereafter. (Id. at § 5.1, § 7.2.) Thus, a review of the federal and state pleadings demonstrates that the federal cause of action is one to "recover benefits due to [Stengell] under the terms of [the Executive Nonqualified Excess Plan]" pursuant to 29 U.S.C. § 1132 (a)(1)(B), not one for breach of the Employment Agreement. Resolution of the state court case will not dispose of the ERISA benefits claim presented in the federal case. Accordingly, the Court finds that the state and federal court actions are not parallel.

Furthermore, the Court rejects Defendants' argument that because Stengell's state court counterclaim references "retirement contributions" owed to him pursuant to the Employment Agreement, the state and federal court actions are parallel. Contrary to Defendants' argument, the state court action does not seek distribution of the deferred compensation benefits due and owing under the terms of the Plan. Under the terms of the Employment Agreement, if Stengell was terminated without cause, Allied Energy agreed to pay him "severance pay in an amount equal to one year's salary, benefits, vehicle allowance and planned bonuses." Additionally, Allied Energy agreed to pay

> the employee one lump sum payment equal to the Company's portion of accrued 401K contributions in the event the Employee has been contributing to the 401 K for

>less than three years along with 100% of the contributions made on behalf of the Employee for the Executive Retirement Plan.

(Employment Agreement § 11(b).) Thus, the claim for "retirement contributions" would not impact Stengell's separate claim under ERISA for the vested benefits due and owing under the Plan. Furthermore, while the Plan is identified as a benefit under the Employment Agreement, the Plan and the Plan Adoption Agreement govern Plaintiff's ERISA claim for benefits.

Finally, Defendants argue that abstention is necessary because the alleged amount due Plaintiff pursuant to the terms of the Plan may provide a set-off to any potential award Allied Energy may receive in the state court action. However, Defendants have not offered any authority suggesting that the ability of a party to set-off damages from one action with damages from another action makes the two cases parallel to warrant abstention under the Colorado River doctrine. See Kantner Ingredients, Inc. v. All American Dairy Products, Inc., 535 F. Supp. 2d 880, 886 (N.D. Ohio. 2008).

For these reasons, the Court denies Defendants' motion to dismiss, or in the alternative, to stay the action.

### III. MOTION TO COMPEL

Plaintiff moves the Court for entry of an Order directing the Defendants to deposit the sum of $258,966.15 into the registry of the Court in order to ensure the funds are not dissipated during the litigation. Plaintiff represents that these funds were distributed to Allied Energy by Principal Financial Group from Stengell's deferred compensation plan. In response, Defendants argue that Plaintiff has failed to articulate a justifiable legal basis upon which to grant Plaintiff's request. Defendants also state that at the request of Plaintiff, Defendants segregated the disputed amounts into a dedicated account pending the resolution of both this matter and the pending state court civil

action.

Plaintiff fails to set forth any legal authority to compel Defendants to deposit $258,966.15 into the Court registry for safekeeping. It would appear to the Court that either Fed. Rule Civ. P. 64 in conjunction with KRS § 425.301 or Fed. R. Civ. P. 65 may provide the proper authority. See e.g., EBSCO Industries, Inc. v. Lilly, 840 F.2d 333, 335 (6th Cir. 1988); Celerity Q, Ltd. v. CSDC Systems, Inc., 2009 WL 4111052 (S.D. Ohio. Nov. 19, 2009). However, Plaintiff has not complied with those rules or statute in requesting the relief in question. For these reasons, the motion by Plaintiff to compel Defendants to deposit the deferred compensation funds into the Court registry is denied.

### IV.  CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Defendants, Allied Energy, Inc., Scott Harris, Robert Cueto, Richard Muller, and Robert Anastario, to dismiss the complaint, or in the alternative, to stay the action [DN 10] is **DENIED**.  **IT IS FURTHER ORDERED** that the motion by Plaintiff to compel Defendants to deposit deferred compensation funds into the Court registry [DN 17] is **DENIED with leave to refile**.

cc: counsel of record